238 F.3d 223 (2nd Cir. 2001)
 Julio Giano, Plaintiff-Appellant,
v.
Donald Selsky, Director S.H.U., Clinton Correctional Facility; Thomas A. Coughlin, Commissioner; Daniel Senkowski, Superintendent, Clinton Correctional Facility; W. Costello, Deputy of Security, Clinton Correctional Facility; J. Wood, Corrections Captain; and D. Armitage, Corrections Sergeant, Defendants-Appellees.
 Docket No. 99-0255
August Term, 2000
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Submitted December 8, 2000
Decided: January 23, 2001
 
 Appellant, a state prisoner, brought an action alleging his due process rights were violated when he was placed in administrative segregation. The United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, granted summary judgment to the defendants, finding that appellant's confinement did not give rise to a liberty interest triggering due process concerns.
 Vacated and remanded.
 Julio Giano, Plaintiff-Appellant, pro se.
 Kathleen M. Treasure, Assistant Solicitor General, Albany, NY (Eliot Spitzer, Attorney General, Nancy A. Spiegel, Assistant Solicitor General), for Defendants-Appellees.
 Before: OAKES, KEARSE and WINTER, Circuit Judges.
 OAKES, Senior Circuit Judge:
 
 
 1
 Julio Giano, appellant pro se, brought an action against various employees of the New York State Department of Correctional Services (collectively "defendants"), alleging that his due process rights were violated when he was placed in administrative segregation as a prisoner at the Clinton Correctional Facility. The United States District Court for the Northern District of New York, Lawrence E. Kahn, Judge, granted summary judgment to the defendants because it found that Giano's confinement did not constitute an "atypical and significant hardship" implicating due process concerns. In this appeal, Giano makes several arguments, the most cogent of which is that the district court should have considered his previous 670-day administrative segregation at the Attica Correctional Facility in its hardship analysis. Because we find that Giano's cumulative confinement at Attica and Clinton implicated a liberty interest, we vacate the grant of summary judgment and remand to the district court for further consideration.
 
 BACKGROUND
 
 2
 Giano has been incarcerated since 1985 on a variety of charges, including a charge based on his escape from Sing Sing Correctional Facility in December 1986. After Giano was recaptured, he was sentenced to five years in the Special Housing Unit (SHU) at Sing Sing, where he spent approximately one year before being transferred to the SHU at Shawangunk Correctional Facility. After another nine months in Shawangunk's SHU and Close Supervision Unit (CSU), Giano was released into the prison's general population and, shortly thereafter, was stabbed by another inmate.
 
 
 3
 As a result of the stabbing and its aftermath, Giano was transferred to Attica, where he was placed under administrative segregation in that facility's SHU. The two reasons given for the segregation were that he had been stabbed by an unknown inmate and that he was a high escape risk based on his successful escape from Sing Sing. Giano remained in administrative segregation at Attica for 670 days before being transferred to Clinton.
 
 
 4
 Upon his arrival at Clinton in August 1990, Giano was placed in administrative segregation in the SHU, maintaining the prisoner status he had at Attica. His segregated status was retained on the rationale that Giano's prior escape made him a possible threat to the safety and security of the facility. He remained there for 92 days under conditions similar to those he had endured at Attica, which included: (1) confinement to an isolated cell for 23 hours a day; (2) one visit per week; (3) denial of personal property, telephone, commissary, and receipt of package privileges; and (4) denial of participation in educational, rehabilitative, and religious programs. Giano also spent 33 days in protective custody in the SHU before he was released into the general population in December 1990.
 
 
 5
 In 1991, Giano filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants had violated his due process rights by wrongfully placing him in administrative segregation and protective custody in the SHU for a total of 125 days. In April 1998, defendants moved for summary judgment on six grounds, including the ground that Giano had failed to show that his confinement in the SHU constituted an atypical and significant hardship sufficient to create a liberty interest. In July 1999, the district court granted summary judgment to the defendants on that ground, ruling that Giano's 92 days of administrative segregation could not be considered an atypical hardship. In reaching this conclusion, the district court declined to aggregate the 670 days Giano spent in administrative segregation at Attica. This appeal followed.
 
 DISCUSSION
 
 6
 We note at the outset that because Giano is appealing a grant of summary judgment, our review of the district court's decision is de novo. See Doe v. Simon, 221 F.3d 137, 139 (2d Cir. 2000).
 
 
 7
 As the district court correctly stated, "to present a due process claim, a plaintiff must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 37 F. Supp. 2d 162, 167 (N.D.N.Y. 1999) (citing Bedoya v. Coughlin, 91 F.3d 349, 351-52 (2d Cir. 1996)). To determine whether a liberty interest exists under state law, the court must analyze whether the restraint at issue "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Welch v. Bartlett, 196 F.3d 389, 392 (2d Cir. 1999). As framed by the district court in this case, its inquiry under Sandin was as follows:
 
 
 8
 [W]hether the duration of plaintiff's actual period of administrative or disciplinary confinement and the conditions thereof are so different from conditions manifest in both the general population of the prison and other segregative housing as to give rise to a liberty interest.
 
 
 9
 37 F. Supp. 2d at 168.
 
 
 10
 In determining the duration of Giano's confinement, the district court limited its inquiry to the 92 days Giano spent in administrative segregation at Clinton. The court did not consider the 670 days Giano spent in administrative segregation at Attica because this confinement was the subject of separate litigation and the court did not want to "create a risk of inconsistent adjudications." Id. at 171.[1]
 
 
 11
 Although we acknowledge the concerns that prevented the district court from considering the Attica segregation, we find that Giano's periods of confinement at Clinton and Attica must be considered in the aggregate. As we recently suggested in Sims v. Artuz, 230 F.3d 14, 23-34 (2d Cir. 2000), separate SHU sentences "should be aggregated for purposes of the Sandin inquiry" when they constitute a sustained period of confinement. Id.; see also Sealey v. Giltner, 197 F.3d 578, 587-88 (2d Cir. 1999) (aggregating two periods of SHU segregation). We view such an aggregation as particularly appropriate here, where it is clear that Giano's segregation at Clinton was simply a continuation of his segregation at Attica. A review of the record indicates that the two periods of confinement were based on the same administrative rationale and that the conditions of Giano's confinement were, for all practical purposes, identical at both facilities. Under these circumstances, Giano's two sentences of administrative segregation must be considered cumulatively for purposes of the Sandin analysis, although Giano will not be allowed a double recovery for the Attica sentence. See n.1, supra.
 
 
 12
 Giano's aggregated period of confinement in SHU added up to 762 days -- slightly over two years. We have held that "[c]onfinement in normal SHU conditions for 305 days is in our judgment a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under Sandin." Colon v. Howard, 215 F.3d 227, 231 (2d Cir. 2000); see also Sims, 230 F.3d at 23 (sentence of one year was "of sufficient length to be atypical and significant"). It is therefore no surprise that Giano prevailed in the Attica litigation, where it was found that his 670 days of confinement at that facility imposed an atypical and significant hardship sufficient to create a liberty interest. See Giano v. Kelley, 2000 WL 876855 at *8.
 
 
 13
 We reach the same conclusion with respect to the 92-day continuation of Giano's confinement, which extended his already lengthy sentence even further beyond the threshold for atypicality. We hold that Giano's continued segregation at Clinton created a liberty interest that implicated due process concerns. See Sealey, 197 F.3d at 587 n.7 (suggesting that procedural due process must be afforded when a second interval of confinement, when aggregated with the first, exceeds by even one day the duration deemed atypical).
 
 
 14
 Finding that Giano possessed a liberty interest does not end the due process inquiry, however. Because it found that no liberty interest existed in this case, the district court did not consider whether procedural due process was provided to Giano with respect to his administrative segregation at Clinton. We therefore must return this case to the district court for further proceedings under the second prong of the due process analysis.[2]
 
 CONCLUSION
 
 15
 The grant of summary judgment to the defendants is vacated, and the case is remanded for further proceedings consistent with this opinion.
 
 
 
 NOTES:
 
 
 [1]
 In 1989, Giano filed a separate § 1983 action in the Western District of New York, challenging his administrative segregation at Attica. In that action, Giano was found to have suffered an atypical and significant hardship and was awarded $19,400 in damages. See Giano v. Kelly, No. 89-CV-727(C), 2000 WL 876855 (W.D.N.Y. May 16, 2000).
 
 
 [2]
 Although we do not have a full account of the process given to Giano by the defendants here, we note that the favorable decision Giano received for his Attica confinement may entitle him on remand to argue collateral estoppel with respect to the procedural due process issue.