# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3857

_____

David Orr,                                          *
                                                    *
             Plaintiff - Appellant,       *
                                                    *
      v.                                 *
                                                    *
Steve Larkins, ERDCC Warden/                        *
Superintendent; Terry Webb,                         *
Functional Unit Manager, ERDCC;                     *
Patricia Cornell, Deputy Director,                  *
Division of Adult Institutions; Tom                 *   Appeal from the United States
Clements, Director, Division of Adult               *   District Court for the
Institutions; Kerry Kline, Functional               *   Eastern District of Missouri.
Unit Manager, ERDCC; Sherry Brewer,                 *
Correctional Caseworker, ERDCC; Jim                 *
McDaniels, Correctional Caseworker,                 *
ERDCC; Rodney Henson, Correctional                  *
Officer III, ERDCC; John Doe #1,                    *
Correctional Officer III, ERDCC; John               *
Doe #2, Correctional Officer III,                   *
ERDCC,                                              *
                                                    *
             Defendants - Appellees.      *

_____

Submitted: June 15, 2010
Filed: July 7, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Inmate David Orr claims that prison officials violated his rights under the Due Process Clause of the Fourteenth Amendment, and under the Eighth Amendment, by keeping him in administrative segregation for about nine months following his third "dirty" urine test. *See* 42 U.S.C. § 1983. The district court[1] dismissed the complaint without ordering a response or hearing. *See* 28 U.S.C. § 1915(e)(2)(B) (authorizing dismissal where the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted."). This court affirms.

"In order to prevail on a Fourteenth Amendment due process claim, [the plaintiff] must first demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). To show he was deprived of a protected liberty interest, Orr must identify conditions that impose "atypical or significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could expect to experience as an ordinary incident of prison life. . . . We do not consider the procedures used to confine the inmate in segregation." *Phillips*, 320 F.3d at 847 (internal quotations omitted). *See also Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996) ("If [the plaintiff] has a liberty interest, it is an interest in the nature of his confinement, not an interest in the procedures by which the state believes it can best determine how he should be confined.").[2]

---

[1]The Honorable Catherine D. Perry, Chief Judge, United States District Court for the Eastern District of Missouri.

[2]Orr contends that (mandatory) regulations and standard operating procedures created a protected liberty interest, relying on *Clark v. Brewer*, 776 F.2d 226 (8th Cir. 1985). *Clark* was decided a decade before the Supreme Court, in *Sandin*, stated that "the search for a negative implication from mandatory language in prisoner

"We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship." *Phillips*, 320 F.3d at 847. *See also Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) ("We have consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*."). The district court cited a case, factually similar, where this court found the inmate had no liberty interest. *See Hemphill v. Delo*, 124 F.3d 208 (table), 1997 WL 581079, at \*2 (8th Cir. 1997) (unpublished) (per curiam) (holding that "four days locked in a housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation" does "not constitute an 'atypical and significant hardship' when compared to the burdens of ordinary prison life."); *cf. Williams v. Norris*, 277 F. Appx. 647, 648-49 (8th Cir. 2008) (unpublished) (per curiam) (holding that 12 years in administrative segregation was an atypical and significant hardship, "considering the particular restrictions imposed on" the prisoner). Like Hemphill, Orr was not deprived of a liberty interest during his months in administrative segregation.

Orr also claims prison officials violated his Eighth Amendment rights by keeping him in administrative segregation without sufficiently considering his worsening mental illness. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104-05. But here, Orr pleads that he received treatment – first anti-

---

regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause," and held that liberty interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 483, 484. *Phillips* and *Kennedy* represent this court's approach following *Sandin*.

depressants, and later anti-psychotic medication. Orr does not claim that prison officials delayed or denied medical care.

The district court's dismissal of the complaint is affirmed.

_____