10-5264-pr
*Wheeler-Whichard v. Fischer*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of March, two thousand and twelve.

PRESENT: JOSEPH M. McLAUGHLIN,
         BARRINGTON D. PARKER,
         RICHARD C. WESLEY,
                 *Circuit Judges.*

---

JONATHAN WHEELER-WHICHARD,

                 *Plaintiff-Appellant*,

        -v.-                                    10-5264-pr

JOHN ROACH, Chairman of Program Committee
of Attica Correctional Facility, MR. P.
CHAPPIUS, Deputy of Security of Attica
Correctional Facility, J. WHITEFORD,
Chairman of Program Committee of Attica
Correctional Facility,

                 *Defendants-Appellees,*

BRIAN FISCHER, Commissioner of New York
State Department of Correctional Services,
JOHN CONWAY, Superintendent of Attica
Correctional Facility, JOHN DOE, Deputy of
Security of Attica Correctional Facility,
MS. S. DOLCE, Deputy of Programs of Attica

Correctional Facility, MR. DOUGLAS C. REYNOLDS, Acting/Assistant Deputy of Programs of Attica Correctional Facility,

*Defendants*.

FOR APPELLANT:     Jonathan Wheeler-Whichard, *pro se*, Comstock, NY.

FOR APPELLEES:     Barbara D. Underwood, Solicitor General, Michael S. Belohlavek, Senior Counsel, Martin A. Hotvet, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

Appeal from the judgment of the United States District Court for the Western District of New York (Skretny, *C.J.*; Schroeder, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Western District of New York be **AFFIRMED**.

Plaintiff-Appellant Jonathan Wheeler-Whichard, *pro se*, appeals from an award of summary judgment in favor of the Appellees on his Fourteenth Amendment procedural due process claim brought pursuant to 42 U.S.C. § 1983 and premised on his placement into Attica Correctional Facility's Minimal Privilege Company ("MPC") after he refused to participate in the facility programs offered to him. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, this Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

An inmate asserting a procedural due process claim "must establish (1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001) (internal quotation marks omitted). Here, the magistrate judge, in a report and recommendation later adopted in full by the district court, found that

3

Wheeler-Whichard failed to establish a due process violation because he received all of the process to which he was entitled. Thus, although Wheeler-Whichard argues extensively in his brief that he enjoyed a liberty interest in remaining free from confinement in the MPC, "if the district court correctly concluded that [Wheeler-Whichard] received all the process due him, then [Wheeler-Whichard's] showing of a protected liberty interest would not save his cause of action from dismissal." *Taylor v. Rodriguez*, 238 F.3d 188, 191-92 (2d Cir. 2001). For the purposes of this case, we therefore assume, without deciding, that Wheeler-Whichard's placement in the MPC from February 2008 to September 2008, together with his second confinement beginning in October 2009, imposed an atypical hardship entitling him to some form of due process.

We have previously recognized a distinction between the procedural protections an inmate must be afforded when confined for "disciplinary" reasons and those required when his confinement is for "administrative" purposes. For example, in *Sira v. Morton*, we found that an inmate subject to disciplinary confinement was "entitled to advance written notice of the charges against him; a hearing affording him a

4

reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." 380 F.3d 57, 69 (2d Cir. 2004). By contrast, in *Taylor v. Rodriguez*, we determined that a prisoner placed in administrative segregation be provided "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." 238 F.3d at 192 (internal quotation marks omitted).

The appellees argue that Wheeler-Whichard's placement in the MPC after refusing to accept the facility programs offered to him was administrative, rather than disciplinary. We agree. As we have previously held, disciplinary confinement is "imposed for the purpose of punishment after an adjudication of responsibility for some breach of prison regulations." *Bolden v. Alston*, 810 F.2d 353, 357 n.3 (2d Cir. 1987). Here, it is undisputed that Wheeler-Whichard was never charged with violating prison regulations in connection with his placement in the MPC. According to Paul

5

Chappius, Attica's Deputy Superintendent for Security, Attica has a policy of "universal program participation," and inmates who refuse to participate in the offered programs are placed into the MPC not for the purposes of punishment, but rather to "monitor their activities during the day" and to prevent them from thwarting "the facility's goal of encouraging all inmates to participate in work or educational programs." Moreover, Attica's policy governing the MPC explicitly states that an inmate in the MPC may be released into the general population at any time upon notifying the authorities of his "[w]illingness to accept an assignment or program." Thus, because Wheeler-Whichard's confinement in the MPC was not for purposes of punishment, and because, unlike disciplinary confinement, he could be released from the MPC at any time he chose, his confinement was administrative. *Cf. Hall v. Unknown Named Agents of N.Y. State Dep't for Corr. Servs.*, 825 F.2d 642, 647 (2d Cir. 1987). As such, he was entitled only to "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation." *Hewitt v. Helms*, 459 U.S. 460, 476 (1983), *overruled on other grounds*

6

*by Sandin v. Conner*, 515 U.S. 472 (1995).

The magistrate judge correctly concluded that Wheeler-Whichard received all of the process to which he was entitled with respect to his administrative confinement in the MPC. As he admits in his amended complaint, Wheeler-Whichard met with the Program Committee Chairperson in January 2008, several weeks before his transfer to the MPC, and was informed that he would be placed in the MPC if he refused to participate in the offered programs. Prior to his transfer, Wheeler-Whichard sent the Chairperson a letter explaining that he had refused to accept the offered programs due to his safety concerns regarding rival gangs. Thus, prior to his initial transfer to the MPC, Wheeler-Whichard was informed of the reasons for his eventual placement and was afforded an opportunity to express his views. *See Taylor*, 238 F.3d at 192; *see also Hewitt*, 459 U.S. at 476; *Rodriguez v. Phillips*, 66 F.3d 470, 480 (2d Cir. 1995). Moreover, with respect to his second placement in the MPC in October 2009, Wheeler-Whichard acknowledges that he went through the "same" process with the new Program Committee Chairperson.

We have considered all of Wheeler-Whichard's remaining

arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk