# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1463

_____

Willie Scott, Jr.

*Plaintiff - Appellant*

v.

Jimmy Coleman, IV, Lieutenant; C. Rayner, Sergeant, Cummins Unit, Arkansas
Department of Correction; A. Weekly, Deputy Warden, Cummins Unit, Arkansas
Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: October 18, 2012
Filed: October 23, 2012
[Unpublished]

_____

Before MURPHY, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Willie Scott, Jr. appeals the district court's preservice
dismissal with prejudice of his 42 U.S.C. § 1983 complaint for failure to state a claim.
We affirm in part and reverse in part.

In his pro se complaint, Scott claimed (1) that defendants violated his due process rights during disciplinary proceedings that resulted in a loss of good-time credit; (2) that defendants violated his due process rights by placing him in punitive isolation without notice and without air conditioning, television, and commissary; and (3) that Deputy Warden A. Weekly transferred him from the Cummins Unit in retaliation for his complaining--via affidavits sent to prison administration--about her involvement in the proceedings.

The district court dismissed the complaint with prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim, because (1) Scott's claim concerning his disciplinary proceedings was barred by Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997); and (2) his allegations concerning his placement in punitive isolation did not state a due process claim. The district court did not explicitly address his third claim.

After careful de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we agree with the district court that Scott's claim concerning his disciplinary proceedings was Heck-barred, see Portley-El v. Brill, 288 F.3d 1063, 1066-67 (8th Cir. 2002) (under Heck, § 1983 action seeking damages for prison discipline that resulted in loss of good-time credits does not arise until inmate has successfully challenged discipline through habeas or some other proceeding). We modify the dismissal, however, to be without prejudice. See Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (dismissal of Heck-barred claim should be without prejudice so plaintiff can refile if he satisfies Heck requirements).

We also agree that Scott's allegations concerning his placement in punitive isolation did not state a due process claim. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (protected liberty interest is generally limited to freedom from restraint that imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) (to

prevail on due process claim, plaintiff must first demonstrate deprivation of life, liberty, or property; inmate was not deprived of liberty interest during 9 months in ad seg); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) ("We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."); Kennedy v. Blankenship, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant deprivation despite restrictions in mail, telephone, visitation, commissary, and personal-possession privileges).

However, we believe that the complaint, liberally construed, stated a retaliatory-transfer claim against Weekly. See Whitson v. Stone Cnty. Jail, 602 F.3d 920, 922 n.1 (8th Cir. 2010) (pro se complaint must be liberally construed), Goff v. Burton, 91 F.3d 1188, 1191 (8th Cir. 1996) ("a prisoner cannot be transferred in retaliation for the exercise of a constitutional right"); Murphy v. Mo. Dep't of Corr., 769 F.2d 502, 503 (8th Cir. 1985) (per curiam) (allegation that prison transferred inmate as punishment for engaging in protected activity stated claim); Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007) (filing of prison grievance is protected First Amendment activity).

Therefore, we (1) affirm the dismissal of Scott's claim against defendants concerning his disciplinary proceedings, but modify the dismissal to be without prejudice; (2) affirm the dismissal of his claim against defendants concerning his punitive isolation; and (3) remand for further proceedings on his retaliatory-transfer claim against Weekly. We also deny the pending motion to appoint counsel.

_____