# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2691

_____

Samuel Lewis Taylor

*Plaintiff - Appellant*

v.

Unknown Bailey, Caseworker; Unknown Botkins, Librarian; Cindy Griffith,
Function Unit Manager; Unknown Spoo, Correctional Officer I; Unknown Mezo,
Correctional Officer I; Unknown Rich, Correctional Officer II; Unknown Glore,
Correctional Officer I; Unknown Cain, Correctional Officer I; Unknown Holly,
Nurse/CMS; Unknown Cassie, Nurse/CMS

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: November 27, 2012
Filed: November 30, 2012
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Missouri inmate Samuel Taylor appeals the district court's order in his 42 U.S.C. § 1983 action, which dismissed--pursuant to 28 U.S.C. § 1915(e)(2)(B)--Taylor's claims against two defendants, and dropped--pursuant to Federal Rule of Civil Procedure 20(a)(2)--the remaining defendants without prejudice to Taylor's filing separate actions against them. We grant Taylor's motion to proceed in forma pauperis, and leave the fee-collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 483-85 (8th Cir. 1997) (per curiam). We affirm in part and reverse in part.

As to the dismissal of Taylor's claims against defendants Botkins and Glore, the district court was correct in dismissing the official-capacity claims against both defendants, and the individual-capacity claims alleging Taylor was denied due process when he was placed in administrative segregation and when his property was damaged or destroyed. See Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) (to prevail on Fourteenth Amendment due process claim, plaintiff must allege he was deprived of liberty interest; to show protected liberty interest, plaintiff must show conditions imposed were atypical or significant hardship; administrative segregation is not in itself atypical or significant hardship); Clark v. Kan. City Mo. Sch. Dist., 375 F.3d 698, 702 (8th Cir. 2004) (due process is not violated by property deprivation if state employee's acts were unauthorized and random, and meaningful postdeprivation remedy exists; Missouri provides meaningful postdeprivation remedy for property loss with replevin action); Wilson v. Johnston, 68 Fed. Appx. 761, 761 (8th Cir. 2003) (unpublished per curiam) (§ 1915(e)(2)(B) dismissal for frivolousness is reviewed for abuse of discretion); Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000) (per curiam) (§ 1915(e)(2)(B) dismissal for failure to state claim is reviewed de novo). We also agree that Taylor did not state a retaliation claim against Glore, because he did not allege facts suggesting Glore allowed Taylor's property to be damaged because Taylor had filed lawsuits. See Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004) (for First Amendment retaliation claim, plaintiff must show adverse action was motivated at least in part by exercise of protected activity).

We believe, however, that Taylor sufficiently stated a nonfrivolous First Amendment retaliation claim against Botkins. Taylor alleged that Botkins--who supervised Taylor in his job at the prison law library--confronted him over a pending lawsuit which she believed he had brought against her, and that six days later she had him placed in administrative segregation on a trumped-up allegation (for which he was never formally charged or disciplined). See Zutz v. Nelson, 601 F.3d 842, 848-49 (8th Cir. 2010) (for First Amendment retaliation claim, plaintiff must "plead that he/she 'engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [them] that would chill a person of ordinary firmness from engaging in that activity'" (alteration in original) (quoting Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007))); see also Beaulieu v. Ludeman, 690 F.3d 1017, 1025 (8th Cir. 2012) (filing of inmate lawsuit is protected First Amendment activity); cf. Smith v. Fairview Ridges Hosp., 625 F.3d 1076, 1087-88 (8th Cir. 2010) (temporal proximity between knowledge of protected activity and adverse action may alone support causality in employment-retaliation case when proximity is very close).

As to the remaining defendants, the district court did not abuse its discretion by dropping them from the lawsuit, because the allegations against them did not arise from the same series of transactions and occurrences as those against Botkins and Glore. See Fed. R. Civ. P. 20(a)(2) (defining when permissive joinder is proper); Fed. R. Civ. P. 21 (court may drop party at any time on just terms for misjoinder); Bailey v. Bayer CropScience L.P., 563 F.3d 302, 308-09 (8th Cir. 2009) (standard of review).

We therefore reverse and remand as to the First Amendment retaliation claim against Botkins. The judgment is otherwise affirmed.

_____