# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2189

_____

KeOndra M. Chestang

*Plaintiff - Appellant*

v.

Varner Super Max, Classification Committee; Tucker Maximum Security Unit, Arkansas Department of Correction, Classification Committee; Roy Agee, Classification Administrator; Larry May, Assistant Director, Arkansas Department of Correction; Ray Hobbs, Director, Arkansas Department of Correction; Minnie L. Drayer, Disciplinary Judge; Grant Harris, Warden, Arkansas Department of Correction; John Whaley, Assistant Warden of Security, Arkansas Department of Correction; Revonna Walker, Classification Supervisor, Arkansas Department of Correction; Bobby Washington, Security Captain, Arkansas Department of Correction; J. Banks, Warden, Arkansas Department of Correction; C. Meinzer, Assistant Warden, Varner Supermax Unit, Arkansas Department of Correction; M. McConnell, Classification Supervisor; Stephens, Security, Arkansas Department of Correction; Straughn, Warden, Tucker Max Security Unit, Arkansas Department of Correction; S. Outlaw, Assistant Warden, Tucker Max Security Unit, Arkansas Department of Correction; V. King, Classification Supervisor, Tucker Max Unit, Arkansas Department of Correction; M. Williams, Building Major, Tucker Max Security Unit, Arkansas Department of Correction; Darryl Golden, Assistant Warden, Varner Supermax Unit, Arkansas Department of Correction; Greg Harmon, Warden, Arkansas Department of Correction; Green, Ms., Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: January 4, 2013
Filed: January 9, 2013
[Unpublished]

_____

Before MURPHY, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Arkansas Department of Correction inmate KeOndra Chestang appeals the dismissal of his 42 U.S.C. § 1983 action claiming various constitutional violations by prison officials. We find no basis for reversing the dismissal, except as to the following claim. Chestang alleged that at the time he filed his complaint in August 2011, he had been confined in administrative segregation or in the prison's behavior modification program (the program) for almost four years, without meaningful periodic reviews, and that this confinement was being continued in retaliation for a 2008 altercation with a prison officer.[1]

On de novo review, see Reynolds v. Dormire, 636 F.3d 976, 979 (8th Cir. 2011), we agree with the district court that Chestang's initial placement in administrative segregation and in the program did not implicate a liberty interest. See

_____

[1]We note that Chestang alleged he was subjected to similar restrictions in both the program and administrative segregation, cf. Giano v. Selsky, 238 F.3d 223, 226 (2d Cir. 2001) (separate segregation sentences at two facilities should have been aggregated for purpose of due process inquiry, where they constituted sustained period of confinement and where conditions were, for all practical purposes, identical at both facilities); and that he clarified his allegations in his objections to the magistrate judge's report, cf. Thornton v. Phillips Cnty., Ark., 240 F.3d 728, 729 (8th Cir. 2001) (per curiam) (such objections should be treated as motion to amend).

Sandin v. Conner, 515 U.S. 472, 484 (1995) (protected liberty interest is generally limited to freedom from restraint that imposes atypical and significant hardship on inmate in relation to ordinary incidents of prison life); Orr v. Larkins, 610 F.3d 1032, 1034 (8th Cir. 2010) (per curiam) (this court has consistently held that demotion to segregation, even without cause, is not atypical and significant hardship).  Taking his allegations as true, however, we conclude that his continued segregation for years implicated a liberty interest and that Chestang stated a due process claim.  See Kelly v. Brewer, 525 F.2d 394, 399-400 (8th Cir. 1975) (where inmate is held in administrative segregation for prolonged or indefinite period, due process requires that his situation be reviewed periodically in meaningful way; administrative segregation is not punitive, it looks to present and future rather than to past, and it involves exercise of administrative judgment and prediction of what inmate will probably do or have done to him if he is permitted to return to population after period of segregation; reason for segregation must not only be valid at outset but must continue to subsist during period of segregation).[2]

Accordingly, we deny Chestang's pending motions, reverse the grant of defendants' motion to dismiss as to the due process claim, remand for further proceedings on that claim, and otherwise affirm the judgment pursuant to Eighth Circuit Rule 47B.

—————————————————

[2]Appellees argue that Kelly was overruled by Hewitt v. Helms, 459 U.S. 460 (1983).  This court has rejected that argument.  See Williams v. Hobbs, 662 F.3d 994, 1000 n.4 (8th Cir. 2011).