11-4092-pr
Walker v. Fischer

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of June, two thousand thirteen.

PRESENT:   REENA RAGGI,
                       PETER W. HALL,
                       DEBRA ANN LIVINGSTON,
                                   *Circuit Judges.*

------------------------------------------------------------------------------------

TYRONE WALKER,

                                   *Plaintiff-Appellant*,

                        v.                                                                  No. 11-4092-pr

BRIAN FISCHER, Commissioner, DOCS, LESTER N. WRIGHT, M.D., MPH, Deputy Commissioner and Chief Medical Officer, DOCS, DALE ARTUS, Superintendent, Clinton Correctional Facility, THOMAS LAVALLEY, First Deputy Superintendent, Clinton Correctional Facility, B. LECUYER, Nurse Administrator, Clinton Correctional Facility, V. JOHNSON, Facility Health Services Director, Clinton Correctional Facility, AMBER LASHWAY, Physician Assistant, Clinton Correctional Facility, SERGEANT BEZIO, Supervisor, Special Housing Unit, Clinton Correctional Facility, S. RACETTE, Deputy Superintendent of Security, Clinton Correctional Facility,
                                   *Defendants-Appellees*.

------------------------------------------------------------------------------------

FOR APPELLANT:        Tyrone Walker, *pro se*, Dannemora, New York.

FOR APPELLEES:        Barbara D. Underwood, Solicitor General, Denise Ann Hartman, Martin Atwood Hotvet, Assistant Solicitors General, of Counsel, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*; Andrew T. Baxter, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 19, 2011, is AFFIRMED.

Plaintiff Tyrone Walker, proceeding pro se, appeals from an award of summary judgment in favor of defendants on his claims of due process, equal protection, and Eighth Amendment violations in connection with his incarceration by New York State for multiple murders and other related crimes. See 42 U.S.C. § 1983. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

We review an award of summary judgment de novo and will affirm only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine dispute of material fact and the moving party's entitlement to judgment as a matter of law. See Johnson v. Killian, 680 F.3d 234, 236 (2d Cir. 2012). Here, after an independent review of the record and relevant case law, we conclude that the district court properly granted summary judgment.

2

1.    Due Process

Walker claims that defendants denied him due process by placing him in physical restraints when he was in the Special Housing Unit ("SHU") at Clinton Correctional Facility ("Clinton"). To prove a violation of due process, a plaintiff must establish that (1) he possessed a liberty interest and (2) defendants deprived him of that interest without sufficient process. See Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001). Even assuming that an inmate has a liberty interest in being free from bodily restraints while incarcerated, Walker fails to show a genuine issue of material fact to support the claim that he was restrained without due process. The record shows that, for each restraint order, Walker was provided with a written statement of reasons and an opportunity to object by writing to the Deputy Superintendent for Security at Clinton. Walker did, in fact, follow this process to object to his restraints on four separate occasions. Where, as here, Walker had previously stabbed a corrections officer with a makeshift weapon and where the reasons for the restraint related to his written homicidal threats against other inmates, such informal procedures afford due process. See Wilkinson v. Austin, 545 U.S. 209, 228–29 (2005) (holding that where challenged decision is based on "experience of prison administrators, and where the State's interest implicates the safety of other inmates and prison personnel," due process is satisfied by "informal, nonadversary procedures").[1]

---

[1] Benjamin v. Fraser, 264 F.3d 175 (2d Cir. 2001), relied on by Walker, is distinguishable. That case addressed the process due pre-trial detainees, who have a greater liberty interest in being free from restraint than do convicted prisoners. See id. at 188–89.

3

2.      Equal Protection

Walker claims that defendants violated his equal protection rights because certain restraints used against him were not used against an allegedly similarly-situated inmate. This claim, however, is not properly before us, as Walker did not raise his argument with respect to the identified comparator before the district court. See Universal Church v. Geltzer, 463 F.3d 218, 228 (2d Cir. 2006) (stating that we will generally not consider arguments raised for the first time on appeal, especially where argument presents question of fact).

3.      Eighth Amendment

Walker argues that defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. A prison official's denial of non-emergency medical care can give rise to an Eighth Amendment violation if (1) the deprivation of medical care was "sufficiently serious," and (2) the prison official acted with deliberate indifference. Salahuddin v. Goord, 467 F.3d 263, 279–80 (2d Cir. 2006) (internal quotation marks omitted). "[T]he deliberate indifference standard must be applied in a way that accounts for the precise circumstances of the alleged misconduct and the competing institutional concerns." Trammell v. Keane, 338 F.3d 155, 163 (2d Cir. 2003). Here, defendants appropriately balanced Walker's medical needs and the need for prison security. Medical professionals at Clinton determined that Walker's plantar fasciitis required supportive medical boots only for trips outside of his cell because Walker's movements inside his cell were restricted. Clinton's security personnel reasonably concluded that permitting Walker

4

to have the boots inside his cell posed a significant security threat because the boots contained metal or hard plastic, which Walker could use to fashion a weapon. In such circumstances, denying Walker supportive boots inside his cell does not give rise to an Eighth Amendment violation. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998) ("[M]ere disagreement over the proper treatment does not create a constitutional claim.").

We have considered Walker's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court