**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2014[*]
Decided October 21, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 13-3687

| | |
|---|---|
| JERRY MEANS,<br>*Plaintiff–Appellant,* | Appeal from the United States District<br>Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-CV-846-JPS |
| ROSE LARSON, et al.,<br>*Defendants–Appellees.* | J. P. Stadtmueller,<br>*Judge.* |

## O R D E R

Former Wisconsin inmate Jerry Means appeals the dismissal of his civil-rights suit alleging that he was wrongly confined in segregation for 34 days without a hearing. We affirm.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a)(2)(c).

In his complaint Means alleged the following facts, which we accept as true and construe in his favor. *See Brumfield v. City of Chicago*, 735 F.3d 619, 622 (7th Cir. 2013). After violating parole, Means was returned to prison and immediately placed in segregation without explanation. He later received a memo from the prison's "security director" attributing his "non-punitive" segregated status to his prior "assaultive behavior." Means spent 34 days in segregation before being transferred to a special-needs unit that houses mentally ill inmates.

Means sued the prison warden and several prison officials under 42 U.S.C. § 1983, alleging that they deprived him of a protected liberty interest by placing him in segregation without a hearing. The district court screened the complaint, *see* 28 U.S.C. § 1915A, and concluded that it failed to state a claim because his time in segregation did not involve a liberty interest.

For prisoners, liberty interests arise only from policies that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Wilkinson v. Austin*, 545 U.S. 209, 221–23 (2005) (quoting *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995)); *see also Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013). Segregated confinement may trigger a liberty interest, and thereby due process protections, if the length is substantial or the conditions are unusually harsh. *See Townsend v. Cooper*, 759 F.3d 678, 687 (7th Cir. 2014); *Hardaway*, 734 F.3d at 743–44; *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009). But Means's segregation term of just over one month, by itself, did not implicate a liberty interest. *See, e.g., Earl v. Racine Cnty. Jail*, 718 F.3d 689, 690, 692 (7th Cir. 2013) (12-day and 7-day segregation terms did not implicate liberty interest); *Townsend v. Fuchs*, 522 F.3d 765, 766, 771–72 (7th Cir. 2008) (59-day segregation term); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90-day segregation term); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010) (16-day segregation term); *cf. Toston v. Thurmer*, 689 F.3d 828, 832 (7th Cir. 2012) (remanding where district court made no findings about whether 90-day segregation term deprived prisoner of liberty); *Orr v. Larkins*, 610 F.3d 1032, 1033–34 (8th Cir. 2010) (9-month segregation term did not implicate liberty interest). Nor were the alleged "intolerable conditions"—being strip-searched and prevented from accessing the law library or pursuing administrative remedies—so extreme as to involve due process considerations. *See Hardaway*, 734 F.3d at 744.

To the extent that the complaint can be read also to challenge the conditions of confinement—a challenge that the district court did not address—it also fails to state a claim because the alleged conditions do not amount to "the denial of the minimal

civilized measure of life's necessities," *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotations omitted); *Townsend*, 522 F.3d at 773.

AFFIRMED.