# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2932
_____

Samuel Lewis Taylor

*Plaintiff - Appellee*

v.

Unknown Bailey, Caseworker

*Defendant*

Unknown Botkins, Librarian

*Defendant - Appellant*

Cindy Griffith, Function Unit Manager; Unknown Spoo, Correctional Officer I;
Unknown Mezo, Correctional Officer I; Unknown Rich, Correctional Officer II;
Unknown Glore, Correctional Officer I; Unknown Cain, Correctional Officer I;
Unknown Holly, Nurse/CMS; Unknown Cassie, Nurse/CMS

*Defendant*s

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: April 13, 2015
Filed: July 9, 2015
[Unpublished]

_____

Before WOLLMAN and GRUENDER, Circuit Judges, and DOTY,[1] District Judge.

_____

PER CURIAM.

Samuel Taylor filed a 42 U.S.C. § 1983 suit against Gwenn Botkin alleging that Botkin retaliated against Taylor for exercising his constitutional right to file a lawsuit. Botkin moved for summary judgment, which the district court[2] denied. Botkin appeals this determination on the ground that she is entitled to qualified immunity. We affirm the district court's legal conclusion that Botkin was not entitled to qualified immunity and dismiss the remainder of Botkin's appeal for lack of jurisdiction.

Taylor, an inmate in the custody of the Missouri Department of Corrections ("MDOC"), brought suit under 42 U.S.C. § 1983 against numerous MDOC employees, including Botkin. The district court dismissed Taylor's claims against Botkin and another defendant as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B), and dismissed the remaining defendants from the lawsuit for improper joinder, *see* Fed. R. Civ. P. 20(a)(2). Taylor appealed. We reversed the district court's dismissal of Taylor's retaliation claim against Botkin but otherwise affirmed the district court's order. *Taylor v. Bailey*, 494 F. App'x 674, 675 (8th Cir. 2012) (unpublished per curiam). We explained that Taylor "sufficiently stated a nonfrivolous First Amendment retaliation claim against Botkin[]" because Taylor alleged that Botkin

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

had him placed in administrative segregation six days after she confronted him about a pending lawsuit against MDOC employees. *Id.* at 675.

After remand, the following evidence was elicited during discovery. Taylor was a prison law-library clerk in January 2011 when he filed a different lawsuit against several MDOC employees. Botkin, a librarian employed at the prison, confronted Taylor about the lawsuit. Taylor told Botkin that she was not named in the lawsuit and attempted to show her a web page identifying the actual defendants. Botkin was visibly upset and walked away. Six days later, Taylor was placed in administrative segregation because Botkin reported that Taylor either had fought or was going to fight another prisoner. Taylor remained in segregation for sixty days during which he was not permitted to participate in recreation. Prison officials conducted an investigation that found Taylor "not guilty" of the alleged misconduct. Taylor also claims that, after he was released from segregation, he was not permitted to return to his job as a law-library clerk and instead was assigned to work in the prison's kitchen. Taylor claims that his work in the kitchen caused him to suffer great physical stress that included lower back pain.

Botkin moved for summary judgment. The district court denied Botkin's summary-judgment motion, holding that genuine issues of material fact remained as to whether Botkin retaliated against Taylor in violation of the First Amendment. Botkin appeals this decision, arguing that she is entitled to qualified immunity.

This court has jurisdiction over an interlocutory appeal from the denial of qualified immunity to the extent that it turns on a legal question. *Craighead v. Lee*, 399 F.3d 954, 960 (8th Cir. 2005). But "[f]actual and evidentiary determinations are not appealable at this stage." *Capps v. Olson*, 780 F.3d 879, 884 (8th Cir. 2015). Taylor claims that Botkin made a false report against him in retaliation for Taylor's suit against MDOC employees. We review "the denial of summary judgment de novo, construing the evidence in the light most favorable to the nonmoving party and

drawing all reasonable inferences in the nonmoving party's favor." *Id.* at 883. "An official is entitled to summary judgment based on qualified immunity unless (1) the evidence, viewed in the light most favorable to the nonmoving party, establishes a violation of a federal constitutional or statutory right, and (2) the right was clearly established at the time of the violation." *Id.* at 884.

The First Amendment protects a person's right to file a lawsuit. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1025 (8th Cir. 2012) (explaining that prison officials may not retaliate against a prisoner who exercises his First Amendment right to sue). In order to establish a 42 U.S.C. § 1983 retaliation claim under the First Amendment, "a plaintiff must allege (1) that he engaged in a protected activity, (2) that the defendants responded with adverse action that would chill a person of ordinary firmness from continuing in the activity, and (3) that the adverse action was motivated at least in part by the exercise of the protected activity." *Id.* (internal alteration and quotation marks omitted) (quoting *L.L. Nelson Enters., Inc. v. Cnty. of St. Louis*, 673 F.3d 799, 807-08 (8th Cir. 2012)).

Botkin argues that she did not have the authority to place Taylor directly into segregation, and therefore "there was no discipline at all, much less any that would 'chill' Taylor from 'engaging in the activity.'" Second, Botkin argues that Taylor did not submit any evidence of a retaliatory motive. Contrary to Botkin's argument that "there was no discipline at all," the district court concluded that Taylor raised a genuine factual dispute about whether Botkin retaliated against him by reporting a false accusation that she knew would (and did) result in his segregation. As to retaliatory motive, the district court found that Botkin was displeased about Taylor's lawsuit against her coworkers, as shown by the fact that she confronted Taylor and then left visibly upset. Botkin's arguments are thinly veiled challenges to the district court's factual and evidentiary determinations, and we lack jurisdiction over these issues at this stage. *See Capps*, 780 F.3d at 884.

-4-

However, we do have jurisdiction over the legal determination of whether Botkin was entitled to qualified immunity. *Id.* at 884. Botkin argues that she is entitled to qualified immunity because (1) "some evidence" existed that Taylor actually was involved in the conduct Botkin reported and (2) "the discipline was given by a non-biased hearing officer." Botkin's first argument relies on a misapplication of our case law, *see Hartsfield v. Nichols*, 511 F.3d 826, 829-30 (8th Cir. 2008) (explaining that an inmate "would not be precluded from maintaining suit" in a case such as this where a hearing produced "a favorable result for the inmate"). Further, Botkin's argument misapprehends Taylor's claim. Taylor claims that Botkin's retaliatory report caused him to spend sixty days in segregation before an investigation ultimately determined that he was "not guilty" of the alleged misconduct. *See id.* Botkin's second argument cites to a case that is simply inapposite, *see de Llano v. Berglund*, 282 F.3d 1031, 1035-36 (8th Cir. 2002) (discussing, in the context of procedural due process, the procedure required to terminate an employee with a constitutionally protected property interest in his job). Thus, we reject Botkin's legal arguments with respect to Taylor's First Amendment retaliation claim.

Accordingly, we affirm the district court's determination that Botkin was not entitled to qualified immunity and dismiss the remainder of Botkin's appeal for lack of jurisdiction.

_____