Ruggiero v. Fischer, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of April, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> *Circuit Judges*,
> MARK A. BARNETT,
> *Judge.*\*

─────────────────────────────────

Anthony Ruggiero,

*Plaintiff-Appellant*,

v. 19-1242

Brian Fischer, Commissioner of New York State Department of Corrections and Community Supervision, H. Hetrick, Jr., Correction Captain, Albert Prack, Director of Special Housing, Lucien J. LeClaire, Jr., Deputy Commissioner, Thomas Griffin, Superintendent, Jamie M. Lamanna, Deputy Superintendent of Security, William Fennessy, Deputy Superintendent of Administration, Stanley Sepiol, Correction Captain, Mark S. Shumaker, Correction Lieutenant and Hearing Officer, Lieutenant Thomas Evans, Frederick G. Butler,

─────────────────────

\* Judge Mark A. Barnett, of the United States Court of International Trade, sitting by designation.

Correction Sergeant, Paul W. Emerson, Correction Sergeant, Thomas E. Hannah, Correction Sergeant, Jefferey L. Dillon, Correction Officer, Jason J. Drhemer, Correction Officer, Drew R. Onifer, Correction Officer, David J. Osborne, Correction Officer, John S. Marshall, John A. Rogers, Correction Officer, Jeff L. Ripley, Correction Officer, Louis L. Tillinghast, Correction Officer, Mark Vandergrift, Correction Officer,

*Defendants-Appellees*.

---

Appearing for Appellant:                         Anthony Ruggiero, pro se, Attica, N.Y.

Appearing for Appellees:                         Robert M. Goldfarb, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, Albany, N.Y.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Appellant Anthony Ruggiero, pro se, appeals from the April 3, 2019 judgment of the United States District Court for the Western District of New York (Arcara, *J.*) dismissing Ruggiero's suit under 42 U.S.C. § 1983 against various current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). Ruggiero alleges that the policy and practice of the Southport Correctional Facility, at which he was incarcerated, violated his federal constitutional rights by requiring prisoners classified under the Progressive Inmate Movement System ("PIMS") as a Level I inmate to wear mechanical restraints, including handcuffs and a waist chain, during their allotted exercise period. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

On appeal, Ruggiero challenges the district court's grant of summary judgment as to his Fourteenth Amendment due process and equal protection claims. Ruggiero also challenges the denial of his motion to amend his complaint to reassert claims for declaratory relief.

We review a grant of summary judgment de novo, *Sotomayor v. City of New York,* 713 F.3d 163, 164 (2d Cir. 2013), determining whether the district court properly concluded that there was no genuine dispute as to any material fact and that the moving party was entitled to judgment as a matter of law, *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012). "When the denial of leave

to amend is based on . . . a determination that amendment would be futile, [we] conduct[] a *de novo* review." *Hutchison v. Deutsche Bank Sec. Inc*., 647 F.3d 479, 490 (2d Cir. 2011).

## I.     Due Process Claim

On appeal, Ruggiero contends that the district court erred in holding, per the recommendation of the magistrate judge, that Southport's restraint policy did not implicate a liberty interest cognizable under the Due Process Clause of the Fourteenth Amendment, and that Defendants-Appellees therefore were entitled to summary judgment on Ruggiero's due process claim. We conclude that the district court did not err in so holding.

In the prison context, to establish a violation of due process, a plaintiff must demonstrate that (1) he possessed a liberty interest and (2) the defendants deprived him of that interest without sufficient process. *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001). In *Sandin v. Conner*, the Supreme Court explained that while state law can create liberty interests protected by the Due Process Clause, "these interests will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). Our case law after *Sandin* therefore holds that a prisoner has a liberty interest "only if the deprivation is atypical and significant and the state has created the liberty interest by statute or regulation." *Tellier v. Fields*, 280 F.3d 69, 80 (2d Cir. 2000) (internal quotation marks and ellipses omitted).

Here, we conclude that the challenged use of mechanical restraints is not an atypical hardship when compared to the ordinary incidents of prison life. *See Sandin*, 515 U.S. at 484. Ruggiero confines his due process claim to the one-hour period during which he was mechanically restrained during exercise as a Level I inmate at Southport, between October 22 and November 11, 2012, and December 12 through January 7, 2013. Mechanical restraints are typically used in prison, particularly in special housing units ("SHUs"), and Southport is an entirely SHU facility. While DOCCS regulations provide that mechanical restraints are not to be used for "disciplinary purposes," they nevertheless also provide that restraints may be used on general population inmates "while transporting inmates within or outside of the facility or on orders of the facility superintendent, and/or a physician when either deems it necessary to prevent injury to the inmate or to others." N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") tit. 7 § 250.2(h). DOCCS Directive No. 4933, which pertains specifically to SHUs, provides that all DOCCS inmates assigned to the SHU are placed in mechanical restraints for movement "prior to exiting" their cells, and describes the situations where restraints will be removed, such as at the request of a physician to permit medical treatment. 7 N.Y.C.R.R. § 305.3(b). The Southport Inmate Orientation Manual provides additional details concerning when Level I and II inmates are mechanically restrained, such as during visits for Level I inmates and transport to the exercise area for Level I and II inmates. In addition, Level I inmates are eligible for re-classification to Level II status—which does not require mechanical restraints during the exercise period—after 30 days of good behavior.

We conclude that the challenged use of mechanical restraints at issue here do not constitute an "atypical . . . hardship in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Accordingly, we agree with the district court that Ruggiero has no liberty interest in exercising without mechanical restraints while categorized as a Level I inmate. We therefore need not address whether New York state "has created the liberty interest" that Ruggiero asserts "by statute or regulation." *Tellier*, 280 F.3d at 80 at (internal quotation marks omitted).

## II.     Equal Protection Claim

Ruggiero contends on appeal that the district court erred in granting summary judgment to Defendant-Appellees on his equal protection claim. Ruggiero argues that at SHUs other than at Southport, the only way an inmate may be kept restrained in the exercise cage is through an individual written restraint order. Thus, Ruggiero argues, the Level I restraint policy violated the Equal Protection Clause because he did not receive such an order, and he therefore was treated differently than inmates at every other SHU operated by DOCCS without any rational basis for the different treatment.

A plaintiff brings a class-of-one equal protection claim where he alleges that he was "intentionally treated differently from others similarly situated and there [was] no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). "[C]lass-of-one plaintiffs must show an extremely high degree of similarly between themselves and persons to whom they compare themselves." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). "Generally, whether parties are similarly situated is a fact-intensive inquiry." *Id.*

The district court properly granted summary judgment on this claim, as Ruggiero made no showing at all that he was treated differently from SHU inmates at other institutions. Ruggiero did not attempt to identify a specific comparator at Southport or another facility with whom he had a high degree of similarity. While he pointed only to the different regulations governing Southport and other DOCCS facilities, this difference does not substitute for a showing that he was "intentionally treated differently from others similarly situated," *Willowbrook*, 528 U.S. at 564, particularly where the difference in treatment is set forth in the regulations themselves. Accordingly, we conclude that the district court properly granted summary judgment on his equal protection claim.

## III.     Declaratory Relief

Ruggiero returned to Southport in April 2018, where he was again subject to the Level I policy. He then sought to re-assert his claim for declaratory relief that had been dismissed as moot following his transfer out of that facility in 2015. Because the district court correctly held that the restraint policy did not violate Ruggiero's due process rights, amendment to add these claims, based on that alleged constitutional violation, would be futile. The district court therefore properly

4

denied Ruggiero's motion to amend his complaint. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (leave to amend a complaint may be denied when amendment would be futile).

We have considered all of Ruggiero's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk