# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1725

_____

| | | |
|---|---|---|
| Albert J. Muick, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Janet Reno, Attorney General of the | * | |
| the United States; Kathleen Hawk, | * | [UNPUBLISHED] |
| Director, U.S. Bureau of Prisons; | * | |
| Ronald G. Thompson, Regional | * | |
| Director, South Central Regional | * | |
| Office; O. Ivan White, Jr., Ex. | * | |
| Regional Director, South Central | * | |
| Regional Office; Marvin D. Morrison, | * | |
| Warden, FCI - Forrest City; Paul | * | |
| Weeks, Captain, FCI - Forrest City; | * | |
| Mary Mason, R&D/Mailroom | * | |
| Supervisor, FCI - Forrest City; S. | * | |
| Lopez, Correctional Officer, FCI - | * | |
| Forrest City; Edward Johnson, Unit | * | |
| Manager, FCI - Forrest City; Ronald | * | |
| Hopkins, Correctional Counselor, | * | |
| FCI - Forrest City; - Ward, Lt., FCI - | * | |
| Forrest City; - Byrne, Lt., FCI - Forrest | * | |
| City; United States of America, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: October 28, 2003

Filed: December 10, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM

Former federal inmate Albert J. Muick appeals the district court's[1] adverse grant of summary judgment in his action brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act (FTCA). Having carefully reviewed the record, see Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997) (standard of review), we affirm.

In his complaint, Muick sought damages from the United States; Attorney General Janet Reno; Bureau of Prison (BOP) Director Kathleen Hawk-Sawyer; current and former BOP Regional Directors Ronald Thompson and O. Ivan White, respectively; and Marvin Morrison, the warden at Federal Correctional Center Institution at Forrest City, Arkansas (FCI-FC). Muick claimed violations of the Eighth Amendment, the Equal Protection Clause, and BOP regulations, and he asserted FTCA claims, alleging that he was attacked by other inmates because defendants ignored certain conditions at FCI-FC, he was placed in a special housing unit (SHU) where he was denied the same privileges as general-population inmates

_____

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

and his outgoing mail was opened, and defendants ignored an electrical power problem in SHU that caused lighting problems.[2]

To the extent that Muick is arguing that his claims were not ripe for summary judgment, we disagree. Muick did not seek a continuance under Federal Rule of Civil Procedure 56(f), or inform the district court what further discovery was needed and what it might reveal. See id. at 1238-39. As to the merits, we agree with the district court that Muick's claims against Reno, Hawk-Sawyer, Thompson, and White were improperly based on these defendants' supervisory roles. See Buford v. Runyon, 160 F.3d 1199, 1203 n.7 (8th Cir. 1998) (no respondeat-superior liability under Bivens). The Eighth Amendment failure-to-protect claim against Morrison was also properly dismissed, as the evidence would not allow a jury to find that Morrison was aware of any substantial risk that Muick would be attacked by other inmates. See Pagels v. Morrison, 335 F.3d 736, 739 (8th Cir. 2003) (for defendant to act with deliberate indifference, inmate must show defendant recklessly disregarded known, excessive risk of serious harm to inmate's safety; showing of negligence is insufficient); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (to defeat summary judgment, party must substantiate allegations with sufficient probative evidence that would allow finding in his favor on more than mere speculation).

Muick's FTCA claim arising from the attack is barred by FTCA's discretionary-function exception, because Muick based the claim on staffing, classification and placement of inmates, and responses to inmate fights. See 28 U.S.C. § 2680(a) (FTCA claims may not be brought based on act or omission of federal employee exercising due care in execution of statute or regulation, or upon exercise or performance, or failure to exercise or perform, discretionary function,

---

[2]Muick's brief does not mention the remaining defendants--one of whom was never properly served--or Muick's remaining claims. See Eddings v. City of Hot Springs, Ark., 323 F.3d 596, 599 n.2 (8th Cir. 2003) (appellants waived claims for which they did not present grounds for reversal on appeal).

even if discretion is abused); <u>Santana-Rosa v. United States</u>, 335 F.3d 39, 44 (1st Cir. 2003) (decisions about classifying inmates or assigning them to particular unit or institution, or about allocation of correctional staff, fall within discretionary-function exception); <u>Dykstra v. U.S. Bureau of Prisons</u>, 140 F.3d 791, 795 (8th Cir. 1998) (if alleged act falls within FTCA's discretionary-function exception, there is no waiver of sovereign immunity and court lacks subject matter jurisdiction); <u>Calderon v. United States</u>, 123 F.3d 947, 948-50 (7th Cir. 1997) (discretionary-function exception applied as BOP regulations did not set forth mandatory, nondiscretionary disciplinary action BOP had to take before inmate's cellmate acted on his threats to attack him). Likewise, Muick's reliance on the BOP's general duty of care to safeguard prisoners under 42 U.S.C. § 4042 is misplaced, because the provision reserves to the BOP sufficient discretion in how it fulfills its section 4042 duty to trigger the discretionary-function exception. <u>See</u> <u>Cohen v. United States</u>, 151 F.3d 1338, 1342 (11th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1130 (1999).

As to Muick's equal-protection <u>Bivens</u> claims, we agree with the district court that Muick was not similarly situated to the general-population inmates, <u>see</u> <u>Phillips v. Norris</u>, 320 F.3d 844, 848 (8th Cir. 2003) (state inmate's equal protection claim failed as he did not allege that he was member of protected class or suffered violation of fundamental right, and thus he had to show he was treated differently from similarly situated class of inmates), and Muick cannot rely on the alleged violation of BOP regulations to support this claim, <u>see</u> <u>Arcoren v. Peters</u>, 829 F.2d 671, 676-77 (8th Cir. 1987) (violation of regulation does not suffice under <u>Bivens</u> unless regulation provides basis for claim of constitutional right), <u>cert. denied</u>, 485 U.S. 987 (1988). We also note that Muick did not assert his outgoing legal mail was opened outside his presence. <u>Cf.</u> <u>Powells v. Minnehaha County Sheriff Dep't</u>, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam) (inmate stated constitutional claim by alleging officers opened his legal mail outside his presence).

Finally, Muick failed to create a genuine issue of fact on his Eighth Amendment claim based on the lighting problems in SHU. In his related grievance Muick acknowledged that some light came in the cells at night, albeit inadequate, and he indicated that the lighting problem existed for about ten days. Such a deprivation was not sufficiently serious to trigger the Eighth Amendment, see Farmer v. Brennan, 511 U.S. 825, 834 (1994) (inmate must show he is incarcerated under conditions posing "substantial risk of serious harm"), and Muick did not allege that he suffered any resulting physical injuries, see 42 U.S.C. § 1997e(e) (no federal civil action may be brought by inmate for mental or emotional injury suffered while in custody unless there is prior showing of physical injury).

Accordingly, we affirm.

_____