# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2455

_____

Michael T. Manuel,                *

                                  *

        Appellant,       *

                                  *

    v.                      *   Appeal from the United States
                                  *   District Court for the

Claude Kirk; Tim Shockley; Reed   *   Western District of Missouri.
Very; James Killion; John Doe; Mike   *
Taggart; Bryan Goeke; J. C. Steel,   *      [UNPUBLISHED]
                                  *

        Appellees.       *

_____

Submitted:  November 26, 2004
Filed:  November 30, 2003

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Michael T. Manuel appeals the district court's[1] dismissal of his 42 U.S.C. § 1983 action claiming defendant prison personnel violated his Eighth and Fourteenth Amendment rights by placing him in administrative segregation for a rule violation

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

without following proper procedures, denying him due process in handling his prison grievances, raising his custody level, and transferring him to a more secure facility. Having carefully reviewed the record, we grant leave to proceed in forma pauperis, and we conclude dismissal was proper for the reasons the district court stated. See Sandin v. Conner, 515 U.S. 472, 483-86 (1995) (only liberty interest in prison is freedom from restraint which creates atypical and significant hardship, and administrative segregation, in itself, is neither); Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (no liberty interest in having prison officials follow prison regulations); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (no liberty interest in having prison officials process grievances according to grievance procedures); see also Montanye v. Haymes, 427 U.S. 236, 242 (1976) (Due Process Clause does not require any hearing in connection with transfers to another prison); Carney v. Houston, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam) (no liberty interest in particular prison classification); Phillips, 320 F.3d at 848 (Eighth Amendment violation requires showing that defendants inflicted pain unnecessarily and wantonly, caused deprivation denying minimal civilized measure of life's necessities, were deliberately indifferent to health and safety, and acted maliciously to cause harm). Accordingly, we affirm. See 8th Cir. R. 47B.

_____