# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3991

_____

| | | |
|---|---|---|
| Vincent E. Sargent, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Michael Kemna; Russell Hollowell; | * | |
| Denzler; D. Hughes; J. Richey; Baker- | * | |
| Welsh; Amy Gertz, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: June 1, 2005
Filed: June 8, 2005

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and COLLOTON, Circuit
Judges.

_____

PER CURIAM.

Vincent Sargent, an inmate at Crossroads Correctional Center in Missouri, appeals from the district court's[1] dismissal of his state law claim, and the court's subsequent adverse grant of summary judgment in his action under 42 U.S.C. § 1983 claiming his right to equal protection was violated. Upon de novo review, we affirm.

---

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

Specifically, Sargent's state law claim failed because it was undisputed that Sargent did not arrive on time to class as he had been ordered to do, which was conduct authorizing his placement in administrative segregation under state law. See Cooper v. Gammon, 943 S.W. 2d 699, 707 (Mo. Ct. App. 1997). Summary judgment was proper on Sargent's equal protection claim, because the record does not reveal a trialworthy issue on whether, assuming Sargent was treated dissimilarly to similarly situated inmates who were late to class, such dissimilar treatment was intentional or purposeful discrimination. See Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003) (where inmate did not allege membership in protected class or violation of fundamental right, he had to show prison officials treated similarly situated classes of inmates differently, and that differing treatment was unrelated to rational penal interest and was intentional or purposeful discrimination); Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc) (few individual examples of unequal treatment are insufficient to provide more than minimal support for inference of purposeful discrimination).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____