# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1584

_____

C. J. Stewart,                 *
                                      *
         Appellant,        *
                                      *
      v.                      *    Appeal from the United States
                                      *    District Court for the
David W. Freeman; John Janes; Jay    *    Western District of Missouri.
Cassady; John Doe, Superintendent/    *
Designee,                     *    [UNPUBLISHED]
                                      *
         Appellees.        *

_____

Submitted: March 6, 2009
Filed: March 31, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner C. J. Stewart appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that prison officials violated his due process rights by wrongly confining him to administrative segregation for ten days after determining that he had committed conduct violations. Upon de novo

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri.

review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we agree with the district court that Stewart failed to state a due process claim. See Sandin v. Conner, 515 U.S. 472, 486-87 (1995) (confinement in segregation following cited violation of prison regulations does not implicate due process unless confinement poses atypical and significant hardship on inmate in relation to ordinary incidents of prison life; administrative segregation for 30 days was not atypical and significant hardship implicating liberty interest); see also Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (demotion to segregation, even without cause, is not itself atypical and significant hardship).

Accordingly, we affirm. See 8th Cir. R. 47B.

_____