# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2579

_____

Charles L. Sanchez, Jr.

*Plaintiff - Appellant*

v.

Alan Earls, Deputy Division Director; Jeff Norman, Warden;
Billy Dunbar, Assistant Warden; Nina Henderson, F.U.M.;
Richard Martin, CCM-II; Jackie Petri, CCM-I

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: October 1, 2013
Filed: October 16, 2013
[Unpublished]

_____

Before MURPHY, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Missouri prisoner Charles Sanchez, a Roman Catholic, joined a church upon arriving at the Jefferson City Correctional Center (JCCC). In his complaint, Sanchez alleges that JCCC officials allowed him to order a crucifix and chain even though the

items exceeded the prison's $100 monetary-value limit. Sanchez further alleges that JCCC officials thereafter wrongfully sanctioned him for possession of contraband—that is, possession of a crucifix and chain valued in excess of $100. The sanctions included twenty days of cell restriction, removal from his job assignment, removal from the honor dormitory, and confiscation of the contraband. Sanchez brought this lawsuit under 42 U.S.C. § 1983 claiming that the defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.*, as well as his constitutional rights to freedom of religion, due process, equal protection, and freedom from cruel and unusual punishment. He also claimed that the defendants violated Missouri Department of Corrections policies and procedures by ordering him to dispose of the contraband.

The district court[1] dismissed Sanchez's lawsuit preservice and without prejudice, holding that the claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Sanchez appeals this dismissal and the denial of his post-judgment motion for reconsideration, and he moves for leave to appeal *in forma pauperis*. We affirm the dismissal on alternative grounds, affirm denial of his post-judgment motion for reconsideration, and grant his motion for leave to appeal *in forma pauperis*.

We find that *Heck* does not bar Sanchez's § 1983 claim. In *Heck*, the Supreme Court held a § 1983 claim necessarily implying the invalidity of a conviction or sentence is not cognizable until the conviction or sentence is invalidated. 512 U.S. at 487. However, in *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), the Court clarified that *Heck* does not bar a § 1983 claim that does not seek "a judgment at odds with [the plaintiff's] conviction or with the . . . calculation of time to be served in accordance with the underlying sentence." *Id.* at 754-55. Because nothing

---

[1]The Honorable Fernando J. Gaitan, Chief Judge, United States District Court for the Western District of Missouri.

in the record suggests that Sanchez's sentence would be affected by his claim, Sanchez's claim is not *Heck*-barred.

Nevertheless, we affirm the district court's dismissal of Sanchez's complaint on the alternative ground that Sanchez failed to state a claim upon which relief could be granted. *See Spirtas Co. v. Nautilus Ins. Co.*, 715 F.3d 667, 670-71 (8th Cir. 2013) (explaining that dismissal may be affirmed on any basis supported by the record). Regarding his RLUIPA and freedom of religion claims, Sanchez failed to allege sufficient facts to suggest that his ability to practice his religion was substantially burdened or that another less-expensive crucifix would not have been adequate for his religious exercise. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008) (holding a prisoner-plaintiff must show he "has exhausted alternative means of accommodating his religious . . . needs" to prove a substantial burden under RLUIPA or the Free Exercise Clause); *see also Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 833-34 (8th Cir. 2009).

With respect to his due process claim, we find that none of the challenged sanctions—twenty days of cell restriction, removal from his job assignment, removal from the honor dormitory, and confiscation of the contraband—constitute an atypical and significant hardship in relation to the ordinary incidents of prison life so as to give rise to a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (holding disciplinary segregation is not an atypical and significant hardship under *Sandin*); *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (holding prisoner has no constitutional right to a particular job assignment); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (per curiam) (holding prisoner has no constitutional right to a particular housing unit); *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984) (per curiam) (holding prisoner has no property interest in contraband). Additionally, in *Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003), we held that a

prisoner has no liberty interest in having prison officials follow prison regulations. *Id.* at 847.

Sanchez's equal protection claim also fails because he has not shown that he was treated differently than similarly situated inmates. *See Patel*, 515 F.3d at 815 (requiring an inmate to show he was treated differently than similarly situated inmates to state an equal protection claim). Nor has Sanchez alleged any facts to suggest he was deprived of minimal life necessities in support of his cruel-and-unusual-punishment claim. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

Even if the district court abused its discretion in denying Sanchez's post-judgment motion, the error was harmless. A motion calling into question the correctness of a judgment is functionally considered a Federal Rule of Civil Procedure 59(e) motion. *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). This court has held that abuses of discretion under Rule 59(e) are harmless where the district court did not err in dismissing the underlying claims. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 857 (8th Cir. 2008).

Accordingly, we affirm the dismissal of Sanchez's complaint and the denial of his post-judgment motion. In addition, we grant his motion for leave to appeal *in forma pauperis*.

_____