NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2015[*]
Decided February 24, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 14-2316 | Appeal from the |
| | United States District Court |
| BENJAMIN P. WOODY, | for the Southern District of Indiana, |
| *Plaintiff-Appellant,* | Indianapolis Division. |
| | |
| *v.* | No. 1:13-cv-1580-LJM-DML |
| | |
| DUSHAN ZATECKY, | Larry J. McKinney, |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

Benjamin Woody, an Indiana prisoner, appeals the district court's dismissal of his civil-rights suit alleging that the prison's superintendent denied him contact visitation in violation of due process and other constitutional rights. We affirm.

According to Woody's complaint, his contact visits were revoked in 2012 by the superintendent at the Pendleton Correctional Facility, Dushan Zatecky, as discipline for

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

"fleeing or physically resisting" a prison staff member. Woody sued Zatecky under 42 U.S.C. § 1983, asserting, among other things, violations of due process and equal protection. The district court dismissed the complaint for failure to state a claim, explaining that Woody had no protected liberty interest in visitation privileges and did not allege being denied contact visits because of membership in a suspect class.[1]

On appeal Woody challenges the dismissal of his due-process claim by invoking an Indiana statute, IND. CODE § 11-11-5-4(4) (2014), that in his view created a liberty interest in continued contact visits. Under that statute the Department of Corrections "may not impose" as disciplinary action "[r]estrictions on clothing, bedding, mail, visitation, reading and writing materials, or the use of hygienic facilities, except for abuse of these." *Id.* But a liberty interest arising from state laws is generally limited to freedom from restraint that imposes "atypical and significant hardship" on the inmate, *Wilkinson v. Austin*, 545 U.S. 209, 222–23 (2005); *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995), and courts have held that a loss of visitation privileges—including contact visits—is not an atypical and significant hardship. *Lekas v. Briley*, 405 F.3d 602, 605, 607–08, 613 (7th Cir. 2005) (no liberty interest deprived by denial of contact visits plus loss of other privileges); *Dunn v. Castro*, 621 F.3d 1196, 1202–03 (9th Cir. 2010); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002); *Ramos v. Lamm*, 639 F.2d 559, 580 n.26 (10th Cir. 1980).

Woody also maintains that the denial of contact visits ordered by Zatecky, a member of Indiana's executive branch, violated the principle of separation of powers because it encroached on matters of prison administration that are entrusted to the state legislature. But the federal constitution does not require the separation of powers within state governments. *Whalen v. United States*, 445 U.S. 684, 689 n.4 (1980); *Pittman v. Chi. Bd. of Educ.*, 64 F.3d 1098, 1102 (7th Cir. 1995); *Risser v. Thompson*, 930 F.2d 549, 551–52 (7th Cir. 1991).

AFFIRMED.

---

[1] Woody does not challenge the dismissal of his equal-protection claim on appeal.