BLD-037                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2539
_____

STEVEN OWENS,
                                    Appellant

v.

BRIAN COLEMAN, (Superintendent); SCOTT NICKELSON;
RONALD HOSTOVICH, (Maintenance Supervisor);
CARL WALKER, (RHU-Captain); JOHN ALBRIGHT,
(RHU-Lieutenant); ROBERT HAWKINBERRY,
(RHU-Lieutenant)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-00328)
District Judge:  Honorable Cynthia R. Eddy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6.
November 5, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: November 10, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Steven Owens appeals from two district court orders granting Appellees' motion to dismiss and motion for summary judgment. Owens is a Pennsylvania state prisoner incarcerated at SCI-Fayette. He filed an action under 42 U.S.C. § 1983 and § 1985, arguing that Appellees exhibited deliberate indifference to his health and safety by housing him unsafe conditions in violation of the Eighth Amendment. He also claims that Appellees retaliated against him in violation of the First Amendment.

Owens states that on July 15, 2012, he slipped and fell in his cell, JD-1012, when the shower turned on by itself as a fellow inmate was showering in the next cell. This caused water to flood the cell and for Owens to slip and fall when he stood up, incurring head, neck and back injuries. Owens argues that Appellees knew of the unsafe conditions in his cell but purposefully failed to correct them. He avers that the medical staff who checked him following his fall informed him that another inmate, Stacey Vance, had fallen and incurred injuries in the same shower a few days prior. Owens states that when Vance fell because of the faulty shower in JD-1012 on July 12, 2012, he reported the fall to Appellees. He also avers that Sergeant Dobish told him that several work orders had been placed to have the shower repaired prior to Owens' fall. D.C. dkt. 3. Appellees were therefore aware of the problem, he argues, and deliberately chose to ignore it, posing a substantial risk to Owens's health and safety.

Owens claims that Appellees retaliated against him in two ways. First, by placing him in what they knew to be an unsafe cell, and second, by denying the grievance he filed about the faulty shower after his fall. He claims that Appellee Coleman, who denied his

administrative grievance, conspired to deprive him of his civil rights. He has sued all Appellees in both their official and individual capacities.

The District Court dismissed Owens' First Amendment retaliation claims, his § 1985 conspiracy claim and his claims against all Appellees in their official capacities. The Court also dismissed Owens' Eighth Amendment claims against the supervisory Appellees, against whom Owens alleged deliberate indifference on a failure to train theory. The Court declined to dismiss, however, Owens' deliberate indifference claim against Appellees Albright and Hawkinberry, Lieutenants at the Restricted Housing Unit ("RHU") at SCI-Fayette, and Appellee Hostovich, Maintenance Supervisor, on a failure to protect theory.

The failure-to-protect claims proceeded to discovery, and Appellees filed a motion for summary judgment. The Court granted the motion, concluding that the record lacked any evidence that Appellees knew of the unsafe condition in Owens' cell. There were no work orders to fix the shower in JD-1012 prior to the date of Owens' fall, and all three Appellees' declarations indicated that they were unaware of the faulty shower until after Owens had fallen and reported it. Additionally, while inmate Vance had slipped and fallen in the same cell a few days prior to Owens, Vance did not file a grievance about the faulty shower until the day after Owens' fall; therefore, Appellees could not have been aware of its condition prior to that date. At most, Vance informed Appellee Albright of his fall immediately after it happened, and Albright called Maintenance, who checked out the shower, cleared the drain, and informed Albright the shower was fine. The Court also concluded that, even if Appellees had been aware of the faulty shower in

3

JD-1012, a slippery floor is, at most, a sign of negligence, and thus does not give rise to a constitutional violation. The Court declined to exercise supplemental jurisdiction to hear Owens' state law negligence claim.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Owens has been granted in forma pauperis status, we review this appeal for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). Our review of orders granting motions to dismiss and for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005) (stating standard of review over an order granting summary judgment); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (stating standard of review over dismissal under Federal Rule of Civil Procedure 12(b)(6)). We may summarily affirm a district court's order if an appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6.

There are no substantial questions presented by this appeal. The District Court correctly dismissed Owens' claims against Appellees in their official capacities because, as employees of the Commonwealth of Pennsylvania, they enjoy Eleventh Amendment sovereign immunity. Hafer v. Melo, 502 U.S. 21, 25-30 (1991). The Court also correctly dismissed his § 1985 conspiracy claim against Appellee Coleman, because he failed to demonstrate that Coleman reached an agreement with another person to deprive Owens of a constitutional right. Parkway Garage, Inc. v. City of Phila, 5 F.3d 685, 700 (3d Cir. 1993), overruled on other grounds by U.A. Theatre Circuit, Inc. v. Twp. of Warrington, 316 F.3d 392 (3d Cir. 2003).

4

The Court also correctly concluded that Owens failed to state any First Amendment retaliation claims. To establish a retaliation claim under § 1983, a plaintiff must demonstrate: (1) that he engaged in a constitutionally protected activity, (2) that he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights," and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Owens' mere assertion that Appellees retaliated against him by placing him in a cell with a faulty shower does not meet these elements. Furthermore, his assertion that Appellees denied his grievances as retaliation for filing those grievances in the first place does not hold either. The denial of grievances is not an "adverse action" for retaliation purposes. See Burgos v. Canino, 641 F. Supp. 2d 443, 455 (E.D. Pa. 2009), aff'd per curiam, 358 F. App'x. 302, 306-07 (3d Cir. 2009); cf. Brightwell v. Lehman, 637 F.3d 187, 194 (3d Cir. 2011) (charging prisoner with misconduct report that was later dismissed for filing a false grievance does not rise to the level of "adverse action" for purposes of retaliation claim).

The Court correctly dismissed Owens' Eighth Amendment claims against Appellees Coleman and Nickelson on a failure to train theory. To prevail on such a theory, a plaintiff must demonstrate that a supervisor was on notice of a deficiency in his or her training program. Connick v. Thompson, 131 S. Ct. 1350, 1360 (2011). A pattern of similar constitutional violations is typically necessary to demonstrate deliberate indifference for purposes of failure to train. Id. However, to establish deliberate indifference based on a single incident, a plaintiff must show that his injury was an

5

"obvious consequence" of the deficiency in the supervisor's training program. Id. at 1361. Owens' complaint falls far short of these requirements. Not only does it not describe the nature of Appellees' training program, it fails to point to specific deficiencies in the program, or explain how those deficiencies caused his injuries. Furthermore, he fails to plead that Appellees were aware or should have been aware of any such deficiencies.

Finally, the District Court correctly granted summary judgment to Appellees' Albright, Hawkinberry and Hostovich on Owens' Eighth Amendment deliberate indifference claim based on a failure to protect theory. Prison officials must provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prison official violates the Eighth Amendment when the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities" and when he is deliberately indifferent to inmate health or safety. See id. at 834. Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. See id. at 847. Claims of negligence, without some more culpable state of mind, do not constitute "deliberate indifference." See Singletary v. Pennsylvania Dept. Of Corrections, 266 F.3d 186, 193 n.2 (3d Cir. 2001).

The summary judgment record does not contain evidence that these Appellees knew of the unsafe condition in Owens' cell. Owens has provided no evidence to

6

demonstrate that there are disputed material facts regarding whether Appellees knew that his cell posed an unreasonable risk to inmate health and safety. He avers that Sergeant Dobish told him that several work orders had been placed to have the shower repaired prior to Owens' fall, and that Appellees were therefore aware of the problem and deliberately chose to ignore it. D.C. dkt. 3. He has supplied no evidence, however, to support this assertion. "A party resisting a [summary judgment] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir.1985). "One cannot create an issue of fact merely by denying the arguments of the opposing party without producing any supporting evidence of the denials." Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). Rather, as the District Court noted, the summary judgment record reveals that there were no work orders placed to fix the faulty shower in JD-1012 until after Owens reported his fall, Appellees declared that they were unaware of any plumbing problems in his cell prior to his injuries, and Vance did not submit a grievance about the faulty shower in JD-1012 until after Owens' fall.

Because Owens' appeal presents no substantial question, we will affirm the judgment of the District Court. Owens' "Application for relief" is denied.