# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2360
_____

Guadalupe Gonzalez

*Plaintiff - Appellant*

v.

R. Bendt

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: February 13, 2020
Filed: August 19, 2020

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

LOKEN, Circuit Judge.

Guadalupe Gonzalez, a former federal inmate, filed a series of grievances after he was transferred to the Federal Prison Camp in Yankton, South Dakota ("FPC Yankton"), objecting to being denied permission to possess an aviation manual he had been allowed to have at his prior correction facility. In 2016, Gonzalez filed this *pro se* damages action asserting equal protection and First Amendment claims arising

out of these grievances against multiple FPC Yankton officials. In an order Gonzalez did not appeal, the district court[1] dismissed all but one claim -- that Gonzalez's First Amendment rights were violated when R. Bendt, an FPC Yankton Correctional Counselor, retaliated against Gonzalez for filing grievances by denying him prison grievance forms. Gonzalez filed the action under 42 U.S.C. § 1983, but that statute applies only to constitutional violations by state officials. Therefore, the district court interpreted the action as one brought against Bendt under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Bendt filed relevant grievance materials and moved for summary judgment, arguing (i) there is no implied private right of action under Bivens for a First Amendment violation, and (ii) Bendt is entitled to qualified immunity because he did not violate Gonzalez's First Amendment rights and the right asserted was not clearly established. The district court granted summary judgment, concluding that a Bivens remedy should not be implied for retaliatory denials of administrative remedies. Gonzalez appeals. Reviewing the grant of summary judgment *de novo*, Lewis v. Jacks, 486 F.3d 1025, 1027 (8th Cir. 2007), we conclude summary judgment was proper because Gonzalez failed to prove an essential element of a First Amendment retaliation claim -- that denial of a few grievance forms would chill an inmate of ordinary firmness from filing future grievances. We therefore affirm.

## I. Background

The Bureau of Prisons ("BOP") has a four-tiered administrative procedure for inmate grievances. See 28 C.F.R. § 542.10 et seq. First, the inmate requests an Informal Resolution Form ("BP-8") and attempts to resolve his grievance informally with a correctional counselor, here, defendant Bendt. § 542.13. Second, if the

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

grievance remains unresolved, the inmate may file a formal Request for Administrative Remedy ("BP-9") with the prison Warden. § 542.14. Third, if unsatisfied with the Warden's response, the inmate may file a Regional Office Administrative Remedy Appeal ("BP-10") with the Regional Director. § 542.15. Finally, if still unsatisfied, the inmate may file a Central Office Administrative Remedy Appeal ("BP-11") to the BOP Office of the General Counsel. Id.

This appeal concerns grievances filed by Gonzalez in 2014. The Complaint alleges that, on June 3, he submitted to Bendt a BP-8 form alleging discriminatory denial of his aviation manual. The grievance was not informally resolved, and Gonzalez filed a BP-9 form on June 19. The Warden responded on June 24 explaining why Gonzalez was not allowed to possess the aviation manual at FPC Yankton. Gonzalez filed a BP-10 form on July 2. The Regional Director responded on July 11, agreeing with the Warden's decision and offering additional explanation. The Complaint alleges that Bendt refused to provide a BP-11 form for the final administrative step in this grievance.

The Complaint alleges that, on July 10, Gonzalez "was forced to file a BP-9" with the Warden because Bendt "refused to supply him with [a BP-8] form, barring him from the administrative remedy process altogether." Due to pressure from the Warden, the Complaint alleges, Bendt "succumbed to Mr. Gonzalez's request." On July 14, Gonzalez filed a BP-8 grievance form alleging retaliatory removal from his FPC Yankton job assignment "without any reason or justification." Bendt responded that "detail supervisors have the right to assign inmates to any area they so choose." Gonzalez filed a BP-9 appeal form; the Warden denied the grievance on July 31 for the same reason, stating there was no evidence of racial discrimination but failing to address why the reassignment was necessary absent misconduct. Gonzalez filed a BP-10 on August 14. The Regional Director responded on September 5, stating that the Warden's response adequately addressed Gonzalez's concerns, and Gonzalez had provided "no additional evidence . . . that staff acted unprofessionally or contrary to

-3-

policy." At this point, the Complaint alleges, Bendt "again refused to provide" a BP-11 form. Gonzalez did not appeal the Regional Director's decision. He then filed this damage action against Bendt for retaliatory denials of prison grievance forms in violation of the First Amendment.

## II. Discussion

We have repeatedly held that "[t]he filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." Lewis, 486 F.3d at 1029; see Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Therefore, "actions taken in retaliation for an inmate's filing of a grievance are actionable under 42 U.S.C. § 1983." Nelson v. Shuffman, 603 F.3d 439, 450 (8th Cir. 2010). However, the Supreme Court does not favor expanding the analogous Bivens remedy. See Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017). The Court has expressly stated it has not extended Bivens to First Amendment claims. See Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012); but cf. Hartman v. Moore, 547 U.S. 250, 256 (2006). We leave for another day the important question whether Bivens provides a remedy for First Amendment claims, an issue we have not previously decided. Rather, concluding that Gonzalez has failed to establish a claim of First Amendment retaliation under § 1983, if that statute applied, we will assume without deciding there is an analogous Bivens cause of action for First Amendment retaliation claims and affirm on this alternate ground. See George v. Rehiel, 738 F.3d 562, 585 n.24 (3d Cir. 2013).

To establish a claim for First Amendment retaliation, Gonzalez must prove "(1) he engaged in a protected activity, (2) [Bendt] took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity." Spencer v. Jackson County, 738 F.3d 907, 911 (8th Cir. 2013) (quotation omitted). The ordinary-firmness test is designed to weed out trivial matters from substantial violations of the First Amendment. Santiago v. Blair, 707 F.3d 984, 992 (8th Cir.

2013). "The test is an objective one, not subjective. The question is . . . . [w]hat would a person of 'ordinary firmness' have done in reaction to the [adverse action]?" Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003). Summary judgment is appropriate if there is insufficient evidence the adverse action would deter a person of ordinary firmness from continuing to engage in First Amendment protected activity. Id. We consider Gonzalez's actions in response to Bendt's alleged retaliation as evidence of what a person of ordinary firmness would have done. See Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir. 2002) ("[T]he record reflects . . . [plaintiff] continued to speak out . . . on numerous occasions.")

Gonzalez's Complaint alleged that Bendt's retaliatory denial of requests for BP-8 and BP-11 forms "barr[ed] him from the administrative remedy process altogether." Bendt's motion for summary judgment argued that his "alleged denial of two administrative forms and delay in providing informal resolution forms does not rise to an adverse action sufficient to chill a person of ordinary firmness." Bendt argued these were isolated incidents, and he is not alleged to have threatened permanent access denial. Moreover, denial or delay is of little consequence because inmates are only required to exhaust *available* remedies before seeking judicial relief. Bendt's brief cited numerous cases holding that "[t]he denial of grievances is not an 'adverse action' for retaliation purposes." Owens v. Coleman, 629 F. App'x 163, 167 (3d Cir. 2015) (unpublished). In his Response, relying entirely on the fact allegations in his Complaint, Gonzalez argued that Bendt's denial of administrative forms was "an adverse action sufficient to chill the Plaintiff of ordinary firmness from continuing to use the administrative remedy process as a matter of law." As there was a denial of administrative remedy forms, "Spencer [v. Jackson County] is applicable."

In Spencer, we reversed the grant of summary judgment dismissing an inmate's First Amendment retaliation claims. 738 F.3d 907. Plaintiff alleged that defendants' adverse actions included "obstructing [an inmate's] access to the grievance process" by "delaying or refusing him requested forms" and "telling him that he would not

-5-

receive any more grievance forms" because defendants "were irritated by his use of the grievance process." Id. at 913. In remanding for further proceedings, we did not address the issue whether denial of requested grievance forms would "chill a person of ordinary firmness from continuing in the activity." Thus, Spencer does not stand for the proposition that the denial of administrative grievance forms is an adverse action that will support a First Amendment retaliation claim "as a matter of law."

Undisputed facts in the summary judgment record establish that Bendt's alleged retaliatory denial of a request for a BP-8 form did not "bar [Gonzalez] from the administrative remedy process altogether." In both the 2014 grievances at issue, Gonzalez submitted BP-8 forms and Bendt completed the informal resolution step in the grievance process. Any temporary delay may have inconvenienced Gonzalez but did not prevent him from submitting BP-9 and BP-10 forms appealing Bendt's failure to accommodate the aviation manual and job assignment grievances. Both grievances were denied on the merits by the Warden and then by the Regional Director. In submitting the second grievance, Gonzalez initially ignored the BP-8 step in the grievance, alleging Bendt refused to provide a BP-8 form. Consistent with BOP policy, Gonzalez was allowed to file the BP-9 grievance form directly with the Warden, the informal resolution step was then completed, and Gonzalez appealed Bendt's job assignment ruling to the Warden and then to the Regional Director. The job assignment grievance was denied on the merits, and the Warden explained there was no evidence Bendt's refusal to provide a BP-8 form was racially motivated.

In the second grievance, Gonzalez did not even allege that Bendt refused to provide a BP-8 form because he was "irritated by [Gonzalez's] use of the grievance process," as in Spencer, which might evidence an intent to chill continuing use of the grievance process. Focusing initially on Gonzalez's actions in response to Bendt's alleged retaliation, the summary judgment record establishes that Gonzalez not only pursued the two grievances through informal resolution and two levels of administrative appeal, he also used the prison grievance procedure several more times

-6-

after these incidents. There is no evidence supporting Gonzalez's conclusory allegations that Bendt denied him access to BP-11 forms to appeal two of his grievances to the BOP Office of the General Counsel in Washington, D.C. As Bendt argued to the district court, denial or delay in providing forms for the final step in the grievance process is of little consequence because inmates are only required to exhaust available remedies before seeking judicial relief. See 42 U.S.C. § 1997e(a); Ross v. Blake, 136 S. Ct. 1850, 1860 (2016); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001). Like the denial of the grievance itself, this is a minor interference with an inmate's access to the administrative remedy process that would not deter an inmate of ordinary firmness from continuing to exercise his First Amendment right to file grievances and then to seek judicial remedies.

For these reasons, we conclude that an inmate of ordinary firmness would not be chilled from continuing to seek redress for his grievances because an official responsible for an early step in the BOP process rejects his BP-8 form or fails to provide access to a grievance appeal form. The record establishes that the BOP's flexible four-step process allowed Gonzalez to have his initial grievance decided on the merits and then to submit a second grievance that initially bypassed the informal resolution step, which was also decided on the merits. There is no evidence that other inmates would not be granted comparable procedural access to BOP administrative grievance remedies. Accordingly, Gonzalez failed to establish a claim of First Amendment retaliation, even assuming Bivens provides a damages action remedy for that claim.

The judgment of the district court is affirmed.

_____