# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2029
_____

Christopher Thornsberry

*Plaintiff - Appellant*

v.

Roosevelt Barden, Captain, East Arkansas Regional Unit; Fidel Cobb, Lieutenant, East Arkansas Regional Unit; Terrie L. Banister, Disciplinary Hearing Officer, Arkansas Department of Correction; Justine M. Minor, Disciplinary Hearing Officer, Arkansas Department of Correction; Stephen Lane, Captain, East Arkansas Regional Unit; Anthony Jackson, Deputy Warden, East Arkansas Regional Unit; Gaylon Lay, Warden, East Arkansas Regional Unit; Dexter Payne, Director, Arkansas Department of Correction; Judy Taylor, PREA Coordinator, Arkansas Department of Correction

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: June 29, 2021
Filed: July 20, 2021
[Unpublished]

_____

Before LOKEN, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Christopher Thornsberry appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action. Thornsberry's amended complaint was based on an incident in which he received a disciplinary violation after reporting that he was sexually harassed by another inmate. We affirm in part, reverse in part, and remand the case for further proceedings.

We conclude that the district court did not err in dismissing most of Thornsberry's claims. *See Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (holding that dismissal under 28 U.S.C. § 1915A for failure to state a claim is reviewed de novo). Specifically, his allegation that Captain Roosevelt Barden made derogatory remarks was insufficient to state a claim. *See Kurtz v. Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001) (holding that verbal harassment is actionable only if it is so brutal and wanton that it shocks the conscience). Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim, *see Portley-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002) (holding that an inmate who makes a due process challenge to segregated confinement must show that the confinement imposed an atypical and significant hardship); *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020) (holding that there is no atypical and significant hardship when an inmate is demoted to segregation or deprived of commissary, phone, and visitation privileges); *see also Persechini v. Callaway*, 651 F.3d 802, 807 n.4 (8th Cir. 2011) (stating that inmates do not have a liberty interest in maintaining a particular classification level); and were also insufficient to state an Eighth Amendment claim, *see Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (holding that thirty-seven days of punitive isolation did not violate the Eighth Amendment). The district court properly dismissed his claim based on violations of prison regulations, *see id.* at 847 (holding that inmates do not have a federal constitutional liberty interest in having prison officials follow state law or prison regulations); and did not err in dismissing the claims for false imprisonment,

falsifying state documents, and violations of 18 U.S.C. § 241, *see Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, to recover damages for allegedly unconstitutional imprisonment, inmate must prove that conviction or sentence has been invalidated); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (holding that claims based on falsity of disciplinary charges, standing alone, do not state constitutional claims); *United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) (holding that there is no private cause of action under § 241).

But, considering Thornsberry's complaint and his objections to the magistrate judge's findings, we conclude that Thornsberry stated a claim that Barden retaliated against him in violation of the First Amendment. *See Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020) (holding that to state a First Amendment retaliation claim, an inmate must allege that (1) he engaged in protected activity, (2) a prison official took adverse action that would chill a person of ordinary firmness from continuing in that activity, and (3) the adverse action was motivated at least in part by the exercise of protected activity); *Lewis v. Jacks*, 486 F.3d 1025, 1029 (8th Cir. 2007) (holding that the filing of prison grievance is protected First Amendment activity); *see also Sprouse*, 870 F.2d at 452 (holding that the filing of a disciplinary charge against an inmate is actionable if done in retaliation for filing a grievance). While the district court found that the disciplinary charge was not motivated by Thornsberry's grievance—because the grievance was about another inmate, rather than Barden—we conclude Thornsberry's allegations create a reasonable inference that Barden issued the false disciplinary report to intimidate Thornsberry from making any further harassment complaints. *See Rinehart v. Weitzell*, 964 F.3d 684, 688 (8th Cir. 2020) (holding that, in determining whether complaint states facially plausible claim, courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor).

Accordingly, we grant Thornsberry leave to proceed in forma pauperis; and we affirm in part, reverse in part, and remand the case for further proceedings consistent

with this opinion. We also reverse the district court's assessment of a strike under 28 U.S.C. § 1915(g), and we deny Thornsberry's motion for appellate counsel as moot.

_____